SPHERE DRAKE INSURANCE,
PLC, Plaintiff–Appellee,

v.

MADRIGAL RENTAL,
INC., Defendant,

and

Angelo Ficarotta; Cindy Ficarotta,
Defendants–Appellants.

No. 05–55215.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed March 15, 2007.

David M. Rice, Esq., Carroll Burdick &
McDonough, LLP, Donald E. Dorfman,
Esq., Nixon Peabody LLP, San Francisco,
CA, for Plaintiff–Appellee.

Wendy C. Lascher, Esq., Lascher &
Lascher, Ventura, CA, Richard D.
McCune, Esq., Welebir & McCune, Red-
lands, CA, for Defendants–Appellants.

Before: RYMER, WARDLAW, and
MILAN D. SMITH, Jr., Circuit Judges.

## MEMORANDUM *

Appellee Sphere Drake Insurance, PLC
brought this action seeking a declaration
that it has no duty to defend or indemnify
its insured, David Madrigal and Madrigal
Rentals, Inc. (collectively, Madrigal) with
respect to claims by Appellants Angelo
and Cindy Ficarotta against Madrigal in
an underlying state court tort suit ("Ficar-
otta Action"). Appellants appeal the dis-
trict court's order granting summary judg-
ment in favor of Sphere Drake. We have
jurisdiction under 28 U.S.C. § 1291 and we
affirm. We review the district court's

*Gas Co. v. Neztsosie,* 526 U.S. 473, 479, 119
S.Ct. 1430, 1434–35, 143 L.Ed.2d 635 (1999).

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

grant of summary judgment de novo, and may affirm on any basis supported by the record. *Valdez v. Rosenbaum,* 302 F.3d 1039, 1043 (9th Cir.2002). As the parties are familiar with the facts, we do not recite them here.

Under California law, an insurer is relieved of liability if (1) its insured breaches a notice provision in the insurance policy and (2) this breach results in substantial prejudice to the insurer's defense of the insured. *Am. Int'l Specialty Lines Ins. Co. v. Cont'l Cas. Ins. Co.,* 142 Cal.App.4th 1342, 1366, 49 Cal.Rptr.3d 1 (Cal.Ct.App. 2006). There is no triable issue that either element has not been met in this case. The parties agree that Madrigal breached the notice provision by failing to provide timely notice of the Ficarotta Action to Sphere Drake. Sphere Drake did not learn of the Ficarotta Action until after the state court had entered default judgment against Madrigal in the amount of $4,927,779. Sphere Drake was also substantially prejudiced by late notice of the Ficarotta Action. To show substantial prejudice, an insurer bears the burden of showing that but for the delay, there was a substantial likelihood that the insurer could have prevailed at trial or could have settled for a smaller sum. *See Shell Oil Co. v. Winterthur Swiss Ins. Co.,* 12 Cal. App.4th 715, 761, 15 Cal.Rptr.2d 815 (Cal. Ct.App.1993) (quoting *Nw. Title Sec. Co. v. Flack,* 6 Cal.App.3d 134, 142–43, 85 Cal. Rptr. 693 (Cal.Ct.App.1970)). The $4,927,779 default judgment resulted in Sphere Drake's liability at the policy limit of $1,000,000. Had Sphere Drake received timely notice, Appellants' own experts opined that the settlement value of the Ficarotta Action was only $200,000–$500,000, well within the policy limit.

Appellants argue that their settlement offer to Sphere Drake of $200,000 following the entry of default judgment is rele-

vant to our consideration of whether Sphere Drake was substantially prejudiced by Madrigal's late notice. We disagree. When Appellants offered to settle for $200,000, the parties' risk calculus was driven not by the value of the Ficarotta Action, but by the existence of a default judgment and the likelihood of Sphere Drake's success in the present coverage dispute. It would be nonsensical to find that an insurer's enhanced position in a coverage action against the insured, as a result of a strong showing of substantial prejudice in the underlying liability action, could then somehow mitigate the prejudice to the insurer. The post-default judgment offer of $200,000 is thus irrelevant to determining whether Sphere Drake was substantially prejudiced by untimely notice of the Ficarotta Action.

Based on the uncontested evidence of Madrigal's breach of the notice provision, and the substantial prejudice to Sphere Drake as a result of this breach, Sphere Drake does not owe a duty to defend or indemnify Madrigal in the Ficarotta Action. The district court's grant of summary judgment in favor of Sphere Drake is **AFFIRMED.**